MARGARET FRAIN v. THE METROPOLITAN LIFE INSUR-
ANCE COMPANY.

*Insurance—Surrender of policy to agent—Action to recover pre-
miums.*

An insurance company which takes up a policy on the ground that
it was issued without an examination of the insured by a physi-
cian, and whose agent promised the beneficiary, who had paid
all premiums and assessments *in good faith* up to that date, and
who was in no way responsible for such non-examination, to
repay the moneys paid or return the policy, is liable in *assumpsit*
for the *same* to such beneficiary on failure to perform said agree-
ment.

Error to Wayne. (Jennison, J.) Argued October 26, 1887.
Decided November 10, 1887.

Assumpsit. Plaintiff brings error. Reversed. The facts
are stated in the opinion.

*Griffin & Warner* (*Ormond F. Hunt,* of counsel), for appel-
lant.

*Edmund Haug,* for defendant.

MORSE, J. The plaintiff brought suit in the Wayne circuit
court, and filed a bill of particulars, the action being in
assumpsit, to recover moneys paid to the defendant for pre-
miums and assessments on an insurance policy issued to her
by the defendant company, upon the life of her father.

The defendant pleaded the general issue, and gave notice
under said plea that the policy was procured by means of cer-
tain false and fraudulent representations. This defense under
the notice, however, was not sustained, and cuts no figure in
the case.

The circuit judge directed a verdict for the defendant.

The Metropolitan Life Insurance Company, as appears from the record, had at the time a superintendent of agencies, one Alexander Adams, over the district of Detroit, which consisted of the city of Detroit, where plaintiff resided when she received her policy.

It appears from the testimony of the plaintiff that she took out the policy in December, 1883, and paid all the premiums and assessments upon it up to the time it was taken away from her, $59 in all. This is the amount she sues for.

In February, 1885, one Southworth, an inspector of the company, came to her house. He came from New York, and said he was inspecting all the agents' business. He asked to see the plaintiff's policy, and she produced it. He asked her if the physician of the company had ever seen her father, and she told him "No." Southworth then said that was not right, and he would take the policy, and that the company would either return the policy or the premiums paid thereon. He took the policy, and afterwards she went to the office of Adams, and asked him if the policy had come back. He replied that Southworth had taken it to head-quarters, and that it had not been returned. She went to Adams at another time, and offered to pay the premiums then due, as she did not wish the policy to lapse. Adams refused to take the money, for the reason, as assigned by him, that the policy had lapsed when Southworth took it away. She has never seen the policy since, and the premiums have not been refunded to her.

At the time the policy was issued her husband was an agent of the company, and one Branch, who was assistant superintendent at Detroit, came to her, and asked her about having some of her friends insured. She said perhaps she would get her father's life insured, and finally she did so. Mr. Branch filled out the application. Her father at the time

lived at Brussells, Ontario, and was 70 years of age. He was never examined by a physician, and for this reason the policy was taken up.

It appeared from the testimony of Adams that he and Southworth came to Detroit together to examine into the condition of the agency there, and to take up and cancel policies taken, as this one was, without any examination of the insured person by a physician. He claims that Southworth sent the policy in question here to the company, who returned it to Adams, who delivered it to Frain, the husband of the plaintiff. Frain denies that it was ever delivered to him.

There is nothing in the record before us to show that Mrs. Frain made any false or fraudulent representations to the company, or that she was in any way responsible for her father's not being examined by a physician, as required by the rules of the company.

The circuit judge held that there was no evidence tending to show that Southworth had any authority to promise on behalf of the company to return the policy or pay back the premiums. But, if the testimony of the plaintiff is to be taken as true, she was innocent of any fraud upon the defendant. She paid in good faith $59 in premiums. She delivered up the policy to one professing to act for the defendant. The evidence upon the part of the defendant shows that Southworth was sent by the company to Detroit for the express purpose of taking up and canceling just such policies as this; that he sent this policy to the company, and presumedly the defendant was acquainted by him why it was so sent. If the plaintiff's evidence is true, she has never had the policy returned to her, or to any one for her; and her testimony and that of Adams, taken together, show that the company refuses to recognize the validity of the policy, yet has in its hands $59 that in equity and good conscience

67 MICH.—34.

belongs to plaintiff, if she committed no fraud upon it in procuring the insurance.

The case should have been submitted to the jury.

Judgment is reversed, and a new trial granted, with costs of this Court.

SHERWOOD and CHAMPLIN, JJ., concurred.

CAMPBELL, C. J., did not sit.